Dear Marshal Jeane:
This office is in receipt of your request for an opinion regarding the use of public funds to pay an employee's portion of contributions for prior service to a retirement account. Specifically, you call our attention to certain prior opinions of this office which are in conflict, and ask that we clarify which opinion is correct.
Atty. Gen. Op. No. 92-485 determined that pursuant to statutory authorization, a School Board could pay the employer's portion of additional retirement `time' for prior creditable years service. That opinion also determined that the School Board could not pay the employee's portion, as same would constitute an unconstitutional donation of public funds. Pertinently, that opinion provides:
 "Contributions of public funds to pension and insurance programs for the benefit of public employees, however, must be specifically authorized by law, and must be made in payment of some legal obligation. See City of Port Allen v. Louisiana Municipal Risk Management Agency, Inc., 439 So.2d 399 (La. 1983). While the employer's portion of the "retirement" contribution is authorized by law and made pursuant to a legal obligation, there is no authority for the employer to pay the employee's portion of the contribution. An employer doing so would violate Article VII, Sec. 14(A). Therefore, payment by the School Board of its portion of the retirement contribution does not violate this Article; however, the School Board may not lawfully pay the employee's portion."
Atty. Gen. Op. No. 92-485 was cited and followed by this office in Atty. Gen. Op. No. 93-512, which determined that the City of Pineville could not use public funds to pay an employee's portion of contributions to a retirement system for prior service.
Atty. Gen. Op. No. 89-255, on the other hand, determined that a town could pay the actuarial cost of acquiring prior years credit of a mayor and council members, and states that the town was not prohibited from paying the employee's share of contributions for prior service. However, Atty Gen. Op. No. 89-255 incorrectly cites Atty. Gen. Op. No. 80-1071 as concluding that there was no prohibition against a state agency paying the employee's share for prior retirement credit. Additionally, Atty. Gen. Op. No. 89-255 did not take into consideration the City of Port Allen
decision cited above, which held that La. Const. Art. VII, Sec.14 is violated whenever the state or a political subdivision seeks to give up something of value when it is under no obligation to do so.
It is the opinion of this office that Atty. Gen. Op. No. 89-255 is erroneous, and it is hereby recalled. Atty. Gen. Op. No. 92-485, which determined that a political subdivision is constitutionally prohibited from paying an employee's portion of retirement contributions for prior service credit, is correct and affirmed.
Should the Pineville City Marshall's office need further assistance, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv